**Hector NUNEZ–PAYAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 86–4513.**

United States Court of Appeals,
Fifth Circuit.

April 29, 1987.

Susan M. Urbieta, El Paso, Tex., for petitioner.

Jane A. Williams, Robert L. Bombaugh, Civ. Div., Madelyn E. Johnson, Allen W. Hausman, Asst. Director, Washington, D.C., for I.N.S.

David H. Lambert, Dist. Director, I.N.S., New Orleans, La., A.H. Giugni, Dist. Director, I.N.S., El Paso, Tex., for other interested parties.

ON PETITION FOR REHEARING

(Opinion Feb. 9, 1987, 5th Cir.1987,
811 F.2d 264)

Before RUBIN, RANDALL, and
HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Hector Nunez-Payan petitions rehearing, attacking our holding that his plea to a drug-related offense pursuant to the Texas Deferred Adjudication Statute can provide the basis for an Immigration Judge to believe that he was an illicit trafficker of marijuana.

Nunez-Payan relies upon *Matter of Garcia* (Interim Decision No. 2995, October 9, 1985). In *Garcia,* the Board of Immigration Appeals reversed a finding of deportability based upon the disposition of a possessory offense under the Texas Deferred Adjudication Statute because there was no final adjudication of guilt under Texas law. In *Garcia,* however, unlike our case, there was no basis for believing that Garcia was trafficking the marijuana.

■ Congress provided in 8 U.S.C. § 1182(a)(23) for the deportability of any alien who "immigration officers know or *have reason to believe* is or has been an illicit trafficker" of marijuana. This statutory provision provides the basis for deportability. *Nunez-Payan v. I.N.S.,* 811 F.2d 264, 267 (5th Cir.1987). The Board of Immigration Appeals has consistently held that convictions are unnecessary to establish a basis of exclusion where the Immigration Judge has a reason to believe that the petitioner has "trafficked" marijuana. *See Matter of Favela,* 16 I & N 753, 756 (BIA 1979); *Matter of RICO,* (Interim Deci-

sion No. 2576, April 15, 1977). If exclusion can be warranted where criminal charges are actually dismissed, *see Favela*, 16 I & N at 756, then exclusion is warranted where the petitioner has admitted his criminal act and is placed on probation by the State. While the admission is not a "conviction" under Texas law, it may form the basis for a reasonable belief under § 1182(a)(23).

 Nunez-Payan's attempt to distinguish his act from trafficking is without merit. Nunez-Payan was found to be in possession of one pound of marijuana at a border traffic checkpoint. He admits that he was transporting marijuana for the use of others, not merely for his personal use. These facts provide a sufficient basis for the Immigration Judge to believe that he was an illicit "trafficker" of drugs. Whether or not he was doing so for personal profit is of no consequence. *Matter of R___ H___.*

It is therefore ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby DENIED.